SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.: CV 05-07468 MMM (CTx)                              Date: December 5, 2005

Title: *Saperstein v. Mantra Films, Inc.*

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

None                                   None

**Proceedings:**    Order To Show Cause Why Action Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction

On October 17, 2005, plaintiff Eric Saperstein brought this action for himself and a class of similarly situated persons against Mantra Films, Inc., its president, Joseph F. Francis, and Does 1-50. The proposed class consists of all consumers who purchased "Girls Gone Wild" videos from Mantra and were charged for subsequent videos without their request or consent. Saperstein asserts eight causes of action: (1) fraud and misrepresentation; (2) negligence and negligent misrepresentation; (3) unjust enrichment and restitution; (4) quantum meruit; (5) breach of contract; (6) breach of warranty; (7) false advertising; and (8) unfair competition.[1] Saperstein alleges that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), and supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367(a).[2]

As the party invoking federal jurisdiction in this case, Saperstein has the burden of establishing the actual existence of subject matter jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*,

---

[1] Class Action Complaint, ¶¶ 32-95.

[2] *Id.*, ¶ 1.





Dockets.Justia.co

99 F.3d 352, 353 (9th Cir. 1996). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for jurisdiction. FED.R.CIV.PROC. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"); see *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction"). The pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For A Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting the exercise of jurisdiction. See *Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also *Tosco Corp.*, 236 F.3d at 499; *Century Southwest Cable Television, Inc. v. CIIF Assocs.*, 33 F.3d 1068, 1071 (9th Cir. 1994).

### A.   Diversity Jurisdiction

Saperstein's allegations do not establish that the court has subject matter jurisdiction to hear this case. The complaint alleges that the matter falls within the court's diversity jurisdiction.[3] The federal diversity statute, 28 U.S.C. § 1332, was recently amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4 (2005). CAFA applies to actions that were "commenced on or after" February 18, 2005. Pub.L. 109-2, § 9. Because Saperstein filed his class action complaint in federal court on October 17, 2005, CAFA applies.

CAFA gives the federal courts original jurisdiction to hear class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "any member of a class of plaintiffs is a citizen of a State different from any defendant. . . ." 28 U.S.C. §§ 1332(d)(2), 1332(d)(2)(A). The district court "shall decline to exercise jurisdiction" under § 1332(d)(2), however, over a class action in which (a) more than two-thirds of the class members are citizens of the state in which the action was originally filed; (b) plaintiffs seek significant relief against at least one defendant whose conduct forms a significant basis for the claims asserted by the class and who is a citizen of the state in which the action was originally filed; (c) the principal injuries were incurred in the state in which the action was originally filed; and (d) during the three-year period preceding the filing of the class action, no other class action was filed asserting the same or similar allegations against any of the defendants on behalf of the same or other persons." See 28 U.S.C. § 1332(d)(4)(A). The district court must also decline to exercise jurisdiction over a class

---

[3]Complaint, ¶ 1 ("This Court has subject matter jurisdiction pursuant to § 1332(d).")

action in which two-thirds or more of the class members, and the primary defendants, are citizens of the state in which the action was originally filed. See 28 U.S.C. § 1332(d)(4)(B). Additionally, the district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of the plaintiff class and the primary defendants are citizens of the state in which the action was originally filed based on consideration of six factors.[4] See 28 U.S.C. § 1332(d)(3).

Saperstein's complaint does not contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." FED.R.CIV.PROC. 8(a)(1). Although the complaint alleges that there is complete diversity of citizenship between plaintiff and defendants,[5] it is unclear whether the amount in controversy requirement is satisfied. The complaint seeks to recover "all allowable damages . . . , including punitive damages";[6] injunctive relief;[7] and attorneys' fees and costs. Plaintiff does not specify the amount of monetary damages sought, nor the value of the requested injunctive relief.

Moreover, the complaint does not allege that the prerequisites set forth in 28 U.S.C. § 1332(d)(4)(A) are met. He asserts that although the precise number of class members is unknown, he believes "there are thousands of Class members."[8] Plaintiff makes no representation regarding the citizenship of the class members, except to allege that defendants have marketed the videos

---

[4]The six factors are: "(A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." 28 U.S.C. § 1332(d)(3).

[5]Saperstein is a citizen of New Jersey. Mantra Films, Inc. is an Oklahoma corporation with its principal place of business in California. Francis is a citizen of California. Compl., ¶¶ 3, 4, 5.

[6]Compl. at 14.

[7]*Id.*

[8]*Id.*, ¶ 26.

nationwide via cable television networks and the internet.[9] The court therefore concludes that Saperstein has failed to allege the facts essential to show diversity jurisdiction.

B.    Federal Question Jurisdiction

A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law within the meaning of § 1331 if either: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The burden is on the plaintiff seeking to establish that a private right of action exists. See *Suter v. Artist M.*, 503 U.S. 347, 363 (1992). Federal question jurisdiction does not exist where the complaint is based entirely on state law, even if issues of federal law are certain to be raised in defendant's answer. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974). These traditional formulations of "arising under" jurisdiction are based on the principle that a plaintiff must present a federal question on the face of the well-pleaded complaint in order to invoked federal question jurisdiction successfully under § 1331. See *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

"The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979). "[T]the fact that a federal statute has been violated and some person has been harmed does not automatically give rise to a private cause of action in favor of that person," however. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). The Supreme Court has recently emphasized that "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Thus, the "judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. . . . Statutory intent on this latter point is determinative." *Id.* (citing, inter alia, *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979)); see also *Greene v. Sprint Communications Co.*, 340 F.3d 1047, 1051 (9th Cir. 2003) ("It is axiomatic that private rights of action must be created by Congress"); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 508 (9th Cir. 2002) ("While neither the Supreme Court nor our court has abandoned consideration of all the *Cort* [*v. Ash*] factors [used to determine whether to imply a private right of action for violation of a federal statute], it is clear that the critical inquiry is whether Congress intended to create a private right of action").

To ascertain whether Congress intended to provide a private right of action, "we start with the statute itself." *Greene, supra*, 240 F.3d at 1051. Although legislative intent is determinative, the court may also consider the four factors set out in *Cort v. Ash*, 422 U.S. 66 (1975) – (1) whether

---

[9]*Id.*, ¶¶ 9, 10.

plaintiff is one of the class for whose special benefit the statute was enacted; (2) whether there is any indication, explicit or implicit, that the legislature intended to create a private remedy; (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy; and (4) whether the cause of action is one traditionally relegated to state law, such that it would be inappropriate to infer a cause of action based solely on federal law. *Id.* at 78; see *First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1121-22 (9th Cir. 2000) (the four-factor test is "helpful in determining whether a statute provides a private right of action"); see also *Opera Plaza Residential Parcel Homeowners Assoc. v. Hoang*, 376 F.3d 831, 834 (9th Cir. 2004). Though the Supreme Court never indicated in *Cort* that these factors carried different weight, subsequent decisions have emphasized that the key inquiry is whether Congress intended to provide the plaintiff with a private right of action.

There is support for the proposition that only federal statutes, and not rules adopted pursuant to those statutes, give rise to a private cause of action. See *Touche Ross*, 442 U.S. at 577 n. 18 (Plaintiffs "appear to suggest that the rules adopted under [the federal statute in question] can themselves provide the source of an implied damages remedy even if [the statute] itself cannot. It suffices to say . . . that the language of the statute and not the rules must control" (citation omitted)); *Opera Plaza*, 376 F.3d at 835 ("[A] regulation promulgated by an administrative agency such as the FCC cannot by itself, in the absence of congressional authorization, confer subject matter jurisdiction on federal courts" (citing *Touche Ross*, 442 U.S. at 577 n. 18)).

If a federal law does not provide a private right of action, then a state law action based on its violation does not raise a "substantial" federal question. *Utley v. Varian Associates, Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 817 (1986) ("[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States,'" quoting 28 U.S.C. § 1331)).

Although Saperstein does not expressly allege that this matter falls within the court's federal question jurisdiction, the complaint appears to assert two claims that may or may not be based on alleged violations of federal law.[10] First, although the complaint asserts a claim for false advertising,[11] there is no allegation stating that the claim is based on federal rather than state statutes.

Second, the complaint asserts a claim for unfair competition in violation of "federal rules and

---

[10]See *id.*, ¶ 1 ("[T]he state law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy between the parties.")

[11]*Id.*, ¶¶ 84-88.

regulations as well as other laws."[12] Citing 16 C.F.R. §§ 251.1 et seq., it alleges that federal regulations recognize that offering 'free' merchandise or services must be done with extreme care to avoid misleading customers." Courts have interpreted §§ 251.1 et seq. as

> "a guide issued by the [Federal Trade] Commission concerning the use in advertisements of the word 'free' or some phrase or word conveying the idea that a product or service will be provided free or at no charge. . . . The guide is simply that – an advisory guide. It suggests a procedure that will prevent the use of the term 'free' from being misleading when there are terms and conditions that must be fulfilled before a consumer can receive the 'free' product or service. We do not read the guide as asserting that there is no other means of ensuring that the customer is not misled, or as authority for the claim that only the front page of an advertisement may be considered in deciding if the advertisement is likely to mislead a reasonable consumer." *Waul v. Circuit City Stores, Inc.*, Nos. A101414, A101792, 2004 WL 1535825, * 7 (Cal.App. July 9, 2004) (Unpub. Disp.).

Saperstein has not demonstrated that the cited regulation supports federal question jurisdiction. The complaint does not allege that the regulation creates a federal right in favor of Saperstein; that Congress intended to create a federal remedy; or that a private right of action is consistent with the underlying purposes of the legislative scheme. Indeed, courts have held that the Federal Trade Commission Act ("FTCA") does not create a private right of action for violation of FTC regulations. See *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996) ("Our denial of plaintiffs' attempt to support their state fraud claim with evidence of a knowing violation of 16 C.F.R. § 436.1 is consistent with other circuit's holdings that there is no private cause of action for violations of the Federal Trade Commission Act, 15 U.S.C. §§ 41 et seq."); *Carlson v. Coca-Cola Company*, 483 F.2d 279, 280 (9th Cir. 1973) ("To acquire federal jurisdiction, a plaintiff must assert a colorable right to a remedy under a particular federal statute. The statutory provision invoked by the appellants in this case[, § 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1),] provided them with no direct remedy, either explicitly or implicitly"); *Sea-Land Service, Inc. v. Atlantic Pacific Intern., Inc.*, 61 F.Supp.2d 1102, 1107 (D. Haw. 1999) ("[T]here is no private cause of action for violations of the FTCA"). Accordingly, Saperstein has not carried his burden of demonstrating that 16 C.F.R. §§ 251.1 et seq. creates a private cause of action. Nor has he shown that his right to relief necessarily depends on resolution of a substantial question of federal law.

Because the complaint does not allege the facts essential to show jurisdiction, the court finds that Saperstein has not met his burden of establishing the actual existence of subject matter jurisdiction. Accordingly, the court orders Saperstein to show cause on or before **December 19, 2005** why this action should not be dismissed for lack of subject matter jurisdiction. Failure to

---

[12]*Id.*, ¶ 93.

respond by **December 19, 2005** will result in dismissal without prejudice. Defendants may file a response on or before **January 9, 2006**.